J-S12040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS JORDAN LEAS | : | No. 1541 MDA 2018 |

Appeal from the Order Entered August 14, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000159-2018

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MAY 09, 2019**

The Commonwealth of Pennsylvania appeals from the Order granting Travis Jordan Leas's ("Leas") Motion to suppress.[1]  We affirm.

At approximately 5:00 a.m. on November 26, 2017, Officer Duane Witman ("Officer Witman"), of the Shillington Borough Police Department, was stopped at a traffic light at the intersection of Museum Road and Lancaster Avenue in Berks County, Pennsylvania, during the final hour of his patrol shift. Officer Witman's vehicle was in the northbound lane of South Museum Road, in a lane designated as a straight or right-turn only lane.  The lane adjacent to Officer Witman was designated as a left-turn only lane.  Officer Witman

_____

[1] In its Notice of Appeal, the Commonwealth certified that the trial court's Order terminates or substantially handicaps the prosecution.  **See** Pa.R.A.P. 311(d) (permitting an interlocutory appeal where the Commonwealth certifies with its notice of appeal that the underlying order terminates or substantially handicaps the prosecution).  Thus, the appeal is properly before us.  **See Commonwealth v. Ivy**, 146 A.3d 241, 244 n.2 (Pa. Super. 2016).

described the intersection as "highly traveled" and the site of many accidents. N.T., 7/2/18, at 15. Looking to his left, Officer Witman observed Leas operating a green Mitsubishi in the left-turn only lane, acting "fidgety," and inching past the traffic stop line. *Id.* at 14. He also observed the passenger in Leas's vehicle "kind of like turning [] as to [] hide her head." *Id.* at 12. When the traffic light turned green, Leas accelerated abruptly, causing his tires to squeal, and turned left onto Lancaster Avenue. In so doing, Leas turned into the middle lane of travel instead of the left lane, partially impeding the entrance of traffic from the opposite side of the intersection. There were no pavement markings indicating the proper lane of travel for left turns, and one lane remained open for vehicles to merge from the other side of the intersection. Officer Witman then activated his police lights and conducted a traffic stop of Leas's vehicle for careless driving. During the stop, Officer Witman perceived Leas's demeanor and physical incapacities as being consistent with those of someone under the influence of methamphetamine. For that reason, Officer Witman administered field sobriety tests, which Leas failed. An inspection of the vehicle revealed that the vehicle's tires were bald. Officer Witman also observed that there was a firearm in the driver's side of the vehicle. Leas was arrested and transported to a local hospital, where he refused to submit to blood testing.

Leas was subsequently charged with one count each of persons not to possess firearms, firearms not to be carried without a license, driving under

the influence of a controlled substance, and careless driving.[2] On May 7, 2018, Leas filed an Omnibus Pretrial Motion, including a Motion to suppress physical evidence. Leas averred that the evidence (*i.e.*, the firearm) gained from the traffic stop should be suppressed because the traffic stop was illegal. Following hearings on July 2, 2018, and August 14, 2018, the suppression court granted Leas's Motion to suppress. The Commonwealth filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

The Commonwealth raises the following issue for our review: "Did the [suppression] court err in suppressing evidence where Officer Witman had probable cause to conduct a traffic stop for careless driving, 75 Pa.C.S.A. §[]3714?" Commonwealth's Brief at 4.

When reviewing the grant of a suppression motion, we must determine whether the record supports the suppression court's factual findings and "whether the legal conclusions drawn from those facts are correct." ***Commonwealth v. Brown***, 64 A.3d 1101, 1104 (Pa. Super. 2013) (quotation marks and citation omitted). We may only consider evidence presented at the suppression hearing. ***Commonwealth v. Davis***, 102 A.3d 996, 999 (Pa. Super. 2014). Further, we may only consider the appellee's evidence and so much of the Commonwealth's evidence as remains uncontradicted when read in the context of the record as a whole, giving deference to the suppression

---

[2] ***See*** 18 Pa.C.S.A. §§ 6105(a), 6106(a)(1); 75 Pa.C.S.A. §§ 3802(d)(2), 3714(a).

court's factual determinations in its exclusive role as fact-finder. *Id.* We may reverse only if the legal conclusions drawn from the facts are in error. *Brown*, 64 A.3d at 1104.

The Commonwealth contends that Officer Witman's observations of Leas provided the requisite probable cause to conduct a valid stop of Leas's vehicle. Commonwealth's Brief at 12. Specifically, the Commonwealth points to evidence of Leas's nervous demeanor, the lurching of his vehicle several inches beyond the stop line, and the squealing of the vehicle's tires as providing Officer Witman with probable cause that a violation of the Motor Vehicle Code had occurred. *Id.*

Probable cause is required to effect a traffic stop based on a suspected violation of the Motor Vehicle Code, including careless driving.[3] *Commonwealth v. Feczko*, 10 A.3d 1285, 1288 (Pa. Super. 2010). To satisfy this standard, an officer must be able to "articulate specific facts possessed [] at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the [Motor Vehicle] Code." *Id.* at 1291. Such an inquiry must take into account the totality of the circumstances. *Commonwealth v. Delvalle*, 74 A.3d 1081, 1085 (Pa. Super. 2013).

In determining whether probable cause existed that would justify a traffic stop based on a perceived violation of the Motor Vehicle Code, we have

---

[3] A person is guilty of careless driving when he "drives a vehicle in careless disregard for the safety of persons or property…**.**" 75 Pa.C.S.A. § 3714(a).

consistently focused on the creation of a hazard. In ***Commonwealth v. Venable***, 200 A.3d 490, 499 (Pa. Super. 2018), we focused on the level of risk to others' safety in order to determine whether there was probable cause to conduct a traffic stop based on careless driving. There, we held that probable cause existed where the driver of a vehicle *not only* caused his tires to spin and squeal while making a turn at a traffic light, *but also* caused the rear of his vehicle to fishtail into the adjacent traffic lane. Similarly, in cases involving the more serious offense of driving under the influence, we again focused on the creation of a hazard. ***See, generally, Commonwealth v. Chernosky***, 874 A.2d 123, 128 (Pa. Super. 2005) (*en banc*) (holding that probable cause existed for a traffic stop based on suspicion of driving under the influence where a vehicle's departure from the lane of travel nearly resulted in striking a telephone pole); ***Commonwealth v. Anderson***, 889 A.2d 596, 601 (Pa. Super. 2005) (holding that probable cause existed for a traffic stop based on suspicion of driving under the influence where a vehicle was operated in such a manner as to require other vehicles to swerve to avoid an accident).

Viewing the evidence in a light most favorable to Leas, testimony at the suppression hearing established that Officer Witman was stopped at a traffic light around 5:00 a.m., in the northbound lane of South Museum Road. N.T., 7/2/18, at 7-9. Officer Witman was in the straight or right-hand turning lane. ***Id.*** at 8. From there, Officer Witman observed Leas, who was stopped in the left-turn only lane, inch his vehicle forward past the stop line. ***Id.*** at 9, 14.

Officer Witman stated that once the light turned green, Leas performed a "quick" turn into the "middle driving lane" of Lancaster Avenue, causing his tires to spin or squeal, at which point Officer Witman "immediately activated [his] lights and conducted a traffic stop." *Id.* at 15-16, 33. Officer Witman testified that Leas immediately complied with the stop. *Id.* at 17-18. Officer Witman also testified that there were vehicles near the intersection. *Id.* at 30 (wherein Officer Witman stated that "cars were around").

Our review further discloses that Officer Witman testified as to the possibility that Leas's vehicle inched beyond the stop line in an attempt to trigger the light to change. *Id.* at 32. Further, Officer Witman acknowledged that Leas's tires could have squealed a result of Leas's incorrect use of the clutch. *Id.* at 35. Officer Witman was unable to attest to Leas's speed beyond stating that the vehicle's movement was not smooth and the turn was "quick." *Id.* at 15.

Upon review, we conclude that the evidence of record supports the suppression court's findings of fact and that its legal conclusions are sound. *See Brown*, 64 A.3d at 1104. The uncontroverted evidence presented by the Commonwealth at the suppression hearing established that Leas's tires squealed only once, when Leas released the clutch of his vehicle and began to accelerate. N.T., 7/2/18, at 14. Based on the testimony presented, there is no evidence that Leas created a hazard by weaving in and out of lanes, fishtailing into the adjacent lane, endangering pedestrians, risking damage to the curb or nearby property, venturing into oncoming traffic, or causing other

vehicles to swerve to avoid a collision. ***See***, ***e.g***., ***Venable***, ***supra***; ***Chernosky***, ***supra***; ***Anderson***, ***supra***. Keeping in mind our standard of review, the Commonwealth failed to put forth evidence demonstrating that Leas's conduct generated a risk to the safety of surrounding persons or property, as required for the offense of careless driving. Taking into account the totality of the circumstances, including the nature of the intersection, the premature movement of Leas's vehicle before the light changed, and the squealing of tires, the testimony elicited at the suppression hearing would not support Officer Witman's stop of the vehicle based on the belief that Leas was driving with careless disregard for the safety of others or their property. Accordingly, we conclude that Leas's actions did not give rise to probable cause that would warrant a valid stop.

Accordingly, we affirm the Order suppressing physical evidence gained from the traffic stop.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/09/2019